UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ENRIQUE REYES-CABRERA,<br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent | Criminal No. 98-16-B-C |

Gene Carter, Senior District Judge

**ORDER DENYING MOTION FOR "WRIT OF ERROR CORAM NOBIS OR RULE 35 CORRECTION OR REDUCTION OF SENTENCE"**

**I. PROCEDURAL BACKGROUND**

The instant motion is Enrique Reyes-Cabrera's fourth challenge to his conviction and sentence on drug charges (Docket Item # 23, # 51, # 62, # 67). Reyes-Cabrera was indicted on May 19, 1998, for one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 846, one count of possession of cocaine and two counts of distribution of cocaine, all in violation of 21 U.S.C. § 841 (Docket Item # 5). He pled guilty to all four counts on October 5, 1998. Sentence was imposed on February 4, 1999. Judgment entered on February 9, 1999 (Docket Item #18). Reyes-Cabrera did not take a direct appeal.

On December 13, 1999, Reyes-Cabrera filed his first § 2255 petition, a "Motion to Vacate," pursuant to 28 U.S.C. § 2255 (Docket Item #23). This Court denied the motion on March 28, 2000, and entered judgment on March 30, 2000 (Docket Item # 36, # 37). Reyes-Cabrera timely filed a notice of appeal (Docket Item # 38). However, this

Court denied a certificate of appealability on April 21, 2000 (Docket Item # 39). The Court of Appeals for the First Circuit denied a certificate of appealability and terminated the appeal on July 12, 2001 (Docket Item # 48). The Mandate from the First Circuit issued on September 19, 2001 (Docket Item # 49).

More than five and a half years after this Court entered judgment, Reyes-Cabrera filed a "Pro Se Motion for Rule 60(b) Relief" from the denial of his original § 2255 motion on January 27, 2006 (Docket Item # 51). On February 17, 2006, this Court denied Reyes-Cabrera's Rule 60(b) Motion (Docket Item # 54). Again, this time on March 15, 2006, Reyes-Cabrera filed both a notice of appeal and a motion for a certificate of appealability (Docket Item # 55, # 56). This Court denied a certificate of appealability on March 20, 2006 (Docket Item # 59). The Court of Appeals for the First Circuit denied a certificate of appealability, terminated the appeal and issued a mandate on September 5, 2006 (Docket Item # 61).

On September 14, 2006, Reyes-Cabrera filed a "Pro Se Motion for Writ of Audita Querela," pursuant to 28 U.S.C. § 1651 (Docket Item # 62). Magistrate Judge Kravchuk entered an order denying that motion the same day (Docket Item # 63). After de novo review, this Court dismissed Reyes-Cabrera's objection to the Magistrate Judge's order on October 20, 2006 (Docket Item # 66). Reyes-Cabrera filed the instant motion for "Writ of Error of Coram Nobis or Rule 35 Correction or Reduction of Sentence" on July 5, 2007 (Docket Item # 67). The Government filed an objection to the Motion (Docket Item # 69).

## II. DISCUSSION

Reyes-Cabrera seeks relief on three grounds: (1) the government failed to give him notice of its intention to seek an enhancement of his sentence, (2) the drug quantity was not calculated correctly at sentencing, and (3) ineffective assistance of counsel. The Government responds that the instant motion should be denied for three reasons. First, despite Reyes-Cabrera's efforts to construe it otherwise, the motion is a successive § 2255 petition for which Reyes-Cabrera has neither sought nor obtained the advance permission of the appellate court to file. *See Munoz v. United States*, 331 F.3d 151, 152 (1st Cir. 2003). Second, even as a § 2255 petition, it is untimely. Third, even assuming the instant motion is not appropriately reclassified as a § 2255 petition, it is both untimely as a Rule 35 motion and procedurally barred as a request for Writ of Coram Nobis.

### A. Section 2255 Petition

Although Reyes-Cabrera claims the instant motion is a request for a Writ of Coram Nobis or, alternatively, a reduction or correction of his sentence pursuant to Rule 35, the core challenge of the instant motion is to the denial of his original § 2255 petition. That 1999 petition attacked his custody under a federal drug conviction. In denying the first § 2255 petition in February 2000, this Court resolved against Reyes-Cabrera two of the three grounds on which he bases the instant motion. *See United States v. Reyes-Cabrera*, 2000 WL 762052 (D. Me. 2000). Petitions are "successive" § 2255 petitions if they raise "grounds identical to those raised and rejected on the merits in a prior [§ 2255] petition." *United States v. Barrett*, 178 F.3d 34, 43 (1st Cir. 1999) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 445 (1986)).

Moreover, they are "successive" if they attack the petitioner's custody on a judgment already ruled valid in a prior collateral challenge. *See Munoz*, 331 F.3d at 152. Although Reyes-Cabrera attempts to resurrect his collateral challenge rights by now raising a due process claim, First Circuit case law makes clear that a motion that principally challenges the constitutionality of a habeas petitioner's underlying conviction or sentence should be treated as a second or successive § 2255 petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See id.* Because all three bases for the instant motion are either identical to those raised and rejected on the merits in a prior § 2255 petition or principally challenge the constitutionality of Reyes-Cabrera's underlying sentence, the Court will consider the instant motion a successive § 2255 petition. *See id.* Before a second § 2255 petition may be entertained, however, the petitioner must seek and obtain the authorization to file from the appellate court. *See id.* at 153. Reyes-Cabrera has failed to seek or receive permission from the Court of Appeals for the First Circuit.[1]

### B. Fed. R. Crim. P. 35

Reyes-Cabrera asks the Court to correct or reduce his sentence pursuant to Rule 35. That motion fails for two reasons: (1) it is time-barred, and (2) it is procedurally barred. Directed at correcting or reducing a sentence, Rule 35 provides as follows:

> (a) Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
>
> (b) Reducing a Sentence for Substantial Assistance

---

[1] Even if the instant motion could be deemed a first § 2255 petition, however, it is untimely. The AEDPA grants a prisoner one year from the date on which his conviction became final to file motions under § 2255. *See Rogers v. United States*, 180 F.3d 349, 350 (1st Cir. 1999). In this case, more than seven years have passed since Reyes-Cabrera's conviction and sentence became final on February 19, 2000.

>(1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
>
>>(A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
>>
>>(B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements
>
>(2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
>>(A) information not known to the defendant until one year or more after sentencing;
>>
>>(B) information provided to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>>
>>(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35.

In this case, sentence was imposed on Reyes-Cabrera on February 9, 1999. The instant motion was filed more than seven years later, clearly past the seven-day period Rule 35(a) provides. Fed. R. Crim. P. 35(a). In addition, the instant motion cannot be recognized under Rule 35(b) because the Government has not moved for a correction or reduction of sentence as required by Rule 35(b) and there is no evidence that Reyes-Cabrera provided any assistance to the government to warrant a reduction under Rule 35(b). *See id.*

In addition to, and independent of, the flaws in Reyes-Cabrera's Rule 35 motion, the Court cannot properly consider Reyes-Cabrera's alternative request for a Writ of

Coram Nobis. Unlike habeas corpus, a Writ of Coram Nobis is available only to a petitioner who is no longer in custody. *See United States v. Sawyer*, 239 F.3d 31, 37 (1st Cir. 2001). Reyes-Cabrera is currently serving his 188-month prison sentence. Because Reyes-Cabrera is in custody, he is ineligible for a Writ of Coram Nobis.

Accordingly, the Court **ORDERS** that Petitioner's Motion for "Writ of Coram Nobis or Rule 35 Correction or Reduction of Sentence" be, and it is hereby, **DENIED**.

/s/ Gene Carter
GENE CARTER
Senior U.S. District Court Judge

Dated at Portland, Maine this 5th day of September, 2007.