UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ENRIQUE ARJURO REYES-CABRERA | ) | |
| | ) | |
| v. | ) | CR-98-16-B-W |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**ORDER DENYING MOTION FOR APPROPRIATE RELIEF (SENTENCE REDUCTION) BASED UPON PETITIONER'S DEPORTABLE STATUS AS AN ALIEN AND EXTRAORDINARY CIRCUMSTANCES**

After clarifying the legal basis for the Defendant's motion for sentence reduction, the Court concludes that the Defendant's amended petition for relief is a petition under 28 U.S.C. § 2255 and, as such, is barred as a second or successive petition.

**I.  STATEMENT OF FACTS**

On February 4, 1999, the late Morton A. Brody, United States District Judge, sentenced Enrique Arjuro Reyes-Cabrera to 188 months incarceration, supervised release of 72 months, and a $400 special assessment for four drug trafficking crimes. *Mem. of Sentencing J.* (Docket # 17); *J.* (Docket # 18). On August 18, 2008, Mr. Reyes-Cabrera moved for reduction of sentence.[1]  *Mot. for Appropriate Relief (Sentence Reduction)*

---

[1] Mr. Reyes-Cabrera pleaded guilty to the four crimes on October 5, 1998. Although he took no direct appeal from his conviction and sentence, he has subsequently filed a number of *pro se* challenges to both. *Mot. Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody* (Docket # 23) (*Def.'s 2255 Pet.*); *Mot. Pursuant to Civil Rules 60(b)(6) and for Specific Performance of the Plea Agreement* (Docket # 51) (*Def.'s R. 60(b)(6) Mot.*); *Mot. Pursuant to 28 U.S.C. § 1651 for A Writ of* Audita Querela (Docket # 62); *Mot. for A Writ of Error* Coram Nobis *or Rule 35 Correction or Reduction of Sentence* (Docket # 67); *Mot. to Review Sentence Pursuant to 18 U.S.C. § 3742* (Docket # 74). Each has been denied. *Recommended Decision on Pet'r's Mot. to Vacate, Set Aside, or Correct Sentence Under 28 USC § 2255* (Docket # 34) (*Rec. Dec. on Def.'s 2255 Pet.*); *Order Affirming Recommended Decision* (Docket # 36); *Recommended Decision on Civil Rule of Procedure 60(b)(6) Mot.* (Docket # 52) (*Rec. Dec. on Def.'s R. 60(b)(6) Mot.*); *Order Affirming the Recommended Decision on the Pet'r's Mot. Under Fed. R. Civ. P. 60(b)(6)* (Docket # 54) (*Order Denying Def.'s R. 60(b)(6) Mot.*); *Order on Mot. Pursuant to 28 U.S.C. § 1651; A Writ of* Audita Querela (Docket # 63); *Order on De Novo Review of Order of Magistrate Judge* (Docket # 66); *Order Denying Mot. for "Writ of Error* Coram Nobis *or Rule 35 Correction or*

*Based Upon Pet'r's Deportable Status as an Alien and Extraordinary Circumstances* (Docket # 78) (*Def.'s Mot.*). In response, the Government moved for summary dismissal. *Mot. for Summ. Dismissal* (Docket # 81). Mr. Reyes-Cabrera replied, and moved to amend his original motion to include different grounds for relief, and a request that the Court transfer his motion to the First Circuit.[2] *Mot. in Reply to the Gov't and a Request for Leave of Court to Amend the Pleadings Pursuant to F.R. Civ. P. 15(a)(2) (With Sworn Aff.)* (Docket #s 82, 83) (*Def.'s Reply and Mot. to Amend*). Further replies providing supplemental authority followed. *Supplemental Authorities for Am. Br. Pg. 6* (Docket # 84); *Supplemental Authorities for Am. Br. Pg. 8, 9* (Docket # 85).

## II.  DISCUSSION

Mr. Reyes-Cabrera's petition does not specify under which procedural rule or substantive law he is proceeding, and it is difficult to categorize his broad post-conviction request that the Court exercise its "inherent powers" to reduce his sentence. *Def.'s Mot.* at 1. Nevertheless, however denominated, the petition fails. The most likely procedural vehicle is Rule 35(b), which allows a post-sentence motion for reduction of sentence. *See* Fed. R. Crim. P. 35(b). But, Rule 35(b) expressly provides that only the Government may move for a Rule 35(b) sentence reduction; the Defendant may not. Accordingly, if filed under Rule 35(b), the motion is not authorized and must be denied.

Another possibility is a petition under 28 U.S.C. § 2255. Section 2255 applies to

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

---

*Reduction of Sentence"* (Docket # 72); *Order Denying Mot. Review of Sentence pursuant to 18 U.S.C. section 3742* (Docket # 75).
[2] Mr. Reyes-Cabrera does not request that the Court transfer his motion to the First Circuit as a "second or successive" § 2255 application. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). Instead, he hopes the First Circuit will consider his motion as a request to recall that court's September 19, 2001 mandate that terminated his appeal regarding his first § 2255 application.

>sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a). In *United States v. Barrett*, 178 F.3d 34, 42 (1st Cir. 1999), the First Circuit explained how to determine whether a prisoner's petition is a § 2255 petition, and subject to that section's procedural requirements. Mr. Barrett, who at the time of his petition was in custody serving a federal sentence for bank robbery, moved the sentencing court to vacate or set aside his sentence, asserting claims of illegality under *Brady v. Maryland* and the Jencks Act, 18 U.S.C. § 3500. *Barrett*, 178 F.3d at 38-39, 42. The First Circuit concluded that his petition, so situated, was a § 2255 petition. *Id.*

Mr. Reyes-Cabrera's motion and reply are not as easily confined. He contends that the Court should reduce his sentence after taking into account his status as a deportable alien, the collateral effects of that status on execution of his sentence, and his likely post-release detention pending deportation. *Def.'s Mot.* at 3-5. He further contends that a "downward departure" is warranted because he is now forty-seven years old, presents no danger to society, and is unlikely to return to a life of crime because he is rehabilitated. *Id.* at 6-7, 9-10. Finally, he argues that the Court should reduce his sentence because his family faces extraordinary hardship, including the poor health of his eighty-four year old father. *Id.* at 8. Although he also briefly reiterates some claims previously resolved against him, such as that his plea was not knowing and intelligent, *id.* at 5-6, the tenor of his motion is that extraordinary circumstances warrant a reduction in his sentence. The Court is unclear whether, as the Government argues, § 2255 applies to

3

Mr. Reyes-Cabrera's original motion, as the First Circuit found it did to Mr. Barrett's petition in *Barrett*.

Mr. Reyes-Cabrera, however, moved to amend his motion, *Def.'s Reply and Mot. to Amend*, which the Government stated it does not oppose. Unlike his original motion for reduction of sentence, Mr. Reyes-Cabrera's amended motion focuses on arguments previously rejected (or raises arguments that could have been raised before) regarding the illegality, unconstitutionality, or unfairness of his conviction, sentence, and adverse dispositions of his collateral attacks.[3] As amended, Mr. Reyes-Cabrera's motion is more comfortably situated under § 2255: he is in custody serving a federal sentence and has petitioned the sentencing court for relief based on the illegality or unconstitutionality of his conviction and sentence.

However, Mr. Reyes-Cabrera previously has filed at least two § 2255 petitions. He filed his first on December 13, 1999, *Def.'s 2255 Pet.*, which the Court and the First Circuit denied. *Rec. Dec. on Def.'s 2255 Pet.*; *Order Affirming Rec. Dec.*; *Order Denying Certificate of Appealability* (Docket # 39); *Reyes-Cabrera v. United States*, No. 00-1563 (1st Cir. July 10, 2001) (Docket # 49). His second—filed almost six years later in the guise of a motion for Rule 60(b) relief from that denial—was no more successful. *See Reyes-Cabrera v. United States*, No. 06-1555 (1st Cir. June 20, 2006) (denying

---

[3] For example, he claims that he was denied due process of law when, in the course of denying his first § 2255 petition, the magistrate judge denied his motion for transcripts of his change of plea and sentencing hearings. This argument faces two problems. First, Mr. Reyes-Cabrera could have raised this argument in his Rule 60(b) motion; and, second, it lacks merit. The magistrate judge denied the motion for transcripts because the transcripts had already been prepared. *Order Denying Mot. for Trs. Without Payment of Fees* at 1 (Docket # 32). The docket confirms that the transcripts were part of the record before Mr. Reyes-Cabrera filed his reply in support of his § 2255 petition. In addition, Mr. Reyes-Cabrera contends that he was denied due process of law when he was not personally informed before pleading guilty that the Government intended to introduce two prior convictions to enhance his sentence pursuant to 21 U.S.C. § 851. He has made this argument in all four attacks on his conviction following his first § 2255 petition and it has been rejected every time.

certificate of appealability, terminating the appeal, and deeming the Rule 60(b) motion a second or successive § 2255 petition because it "challenge[d] the validity of the underlying criminal judgment"); *see Munoz v. United States*, 331 F.3d 151, 153 (1st Cir. 2003) (holding that a Rule 60(b) motion "for relief from a judgment previously entered in a section 2255 case should be treated as a second or successive habeas petition if—and only if—the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction") (internal quotation omitted).

The Court concludes that Mr. Reyes-Cabrera's motion, as amended, is a second or successive § 2255 petition that the Court may consider only if a panel of the First Circuit certifies that it contains "newly discovered evidence or . . . a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review." *Munoz*, 331 F.3d at 153; 28 U.S.C. § 2255(h). Mr. Reyes-Cabrera has not suggested that he has sought or obtained such certification.[4]

Finally, the petition may seek to modify the sentence under 18 U.S.C. § 3582. If so, Mr. Reyes-Cabrera has failed to allege that any of the narrow circumstances under which the Court could consider such a motion exist in this case. *See* 18 U.S.C. § 3582(c); *United States v. Griffin*, 524 F.3d 71, 83-84 (1st Cir. 2008). The general rule is that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §

---

[4] In *Barrett*, the First Circuit outlined three categories of petitions that the courts of appeal have refused to label as "second or successive":
> [W]here the earlier petition was rejected for failure to pay the filing fee or for mistakes in form, where the earlier petition was labeled a § 2255 petition but actually was a § 2241 petition challenging the execution rather than the validity of the sentence, and where the second petition challenges parts of the judgment that arose as the result of the success of an earlier petition.

*Barrett*, 178 F.3d at 43-44 (citations omitted). Because Mr. Reyes-Cabrera's motion was denied on its merits, it fits in none of these categories.

3582(c). The statute allows such a reduction only in rare circumstances after procedural prerequisites have been fully satisfied. For example, Mr. Reyes-Cabrera claims that his father's poor health justifies a reduction in his sentence. Under the law, Mr. Reyes-Cabrera is not authorized to file such a motion; the motion must be filed by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A) for reasons that comport with the statute. *See* 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). The motion on its face fails to comply with the statutory requirements.

### III.   CONCLUSION

The Court GRANTS Enrique Arjuro Reyes-Cabrera's Request for Leave to Amend the Pleadings Pursuant to F.R. Civ. P. 15(a)(2) (Docket # 83). The Court DENIES Mr. Reyes-Cabrera's Motion for Appropriate Relief (Sentence Reduction) Based Upon Petitioner's Deportable Status as an Alien and Extraordinary Circumstances (Docket # 78), as amended by Mr. Reyes-Cabrera's Motion in Reply to the Government (Docket # 82).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of November, 2008