UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ENRIQUE REYES-CABRERA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 98-16-B-W |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION**

The Court has referred a pleading filed by Enrique Reyes-Cabrera which he framed as a motion for sentence adjustment and captioned as pertaining to his criminal case, Crim. No. 98-16-B-W. This pleading was filed on November 5, 2009. (Doc. No. 103.) On November 24, 2009, the United States filed a motion to extend time to file a response to Reyes-Cabrera's "Motion to Vacate, Set Aside, or Correct Sentence." (Doc. No. 104.) I entered an order on November 30, 2009, granting the motion to extend, explaining:

> The clerk did not docket this motion as a motion to vacate and it was not reviewed prior to entry on the docket. If the Government and/or Reyes-Cobr[e]ra believes/intends this motion for sentence reduction to be a first section 2255, a pleading seeking leave to convert this motion into such a pleading should be filed with the court by one or both parties and each side should have an opportunity to respond prior to converting the motion into a motion to vacate under 2255.

(Doc. No. 105.) In this order I overlooked the fact that Reyes-Cobrera had filed his first 28 U.S.C. § 2255 motion on December 13, 1999, (Doc. No. 23) and the First Circuit rejected a motion for a certificate of appealability of the denial of that motion, an order which appears on our docket on July 12, 2001 (Doc. No. 48). The reason I overlooked all of that history is that the docket entry immediately prior to the United States' motion for extension was a docket entry

showing the United States Court of Appeals had issued a mandate on July 16, 2009, and I incorrectly assumed that the conviction had only recently been appealed, because the United States apparently intended to respond to the motion and characterized it as a Section 2255 motion. Without reviewing the entire history of the case when I granted the United States motion, I did not realize we were within the realm of a second and successive Section 2255 petition.

In its motion for summary dismissal,[1] the United States provides the Court with a handy summary of all the post-conviction motions that have been filed by Reyes-Cobrera (id. at 2-4) and there is no need to rehash that here beyond noting that in addition to his first 28 U.S.C. § 2255 motion, he has filed a motion for Rule 60(b) relief, a motion for writ of audita querela, a motion for a writ of error coram nobis/ Rule 35 correction or reduction of sentence, a motion for review of sentence, and, more recently, a motion to reduce sentence based on his deportable status, which this court denied on November 20, 2008 (Doc. No. 78). With respect to this order the First Circuit indicated:

> To the extent Reyes is directly challenging the government's failure to file a timely Information pursuant to 21 U.S.C. §851(a), or to the extent he is complaining that counsel provided ineffective assistance, those claims challenge the validity of his conviction and sentence. Therefore, they come within the ambit of section 2255 and may only be pursued if this court first certifies them under 28 U.S.C. §2255(h). We see no grounds for providing such a certification. To the extent Reyes is challenging anything that occurred during the consideration of his first motion under 28 U.S.C. §2255, that challenge was more properly raised in the appeal from the denial of that motion.

(Doc. No. 100).

---

[1] Despite the fact that it had previously filed its motion for an extension of time to file a response, the United States characterizes my November 30 docket entry as an order to answer. (Mot. Summ. Dismissal at 5.)

Despite my November 20, 2009, order Reyes-Cabrera has not filed a response to it or the United States' motion for summary dismissal which clearly argues that this pleading is only cognizable as a second or successive 28 U.S.C. § 2255 motion. In view of Reyes-Cabrera's silence on the matter, I accept the United States' reasoning and conclude that he must receive certification to proceed from the First Circuit Court of Appeals as provided by 28 U.S.C. § 2255(h) and § 2244(b)(3).

I now recommend that the Court deny this motion without prejudice to Reyes-Cabrera's right to file another 28 U.S.C. § 2255 motion should he ever obtain the First Circuit Court of Appeal's certification to do so.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 31, 2009.